8103-3

DeOrchis, Wiener & Partners, LLP
61 Broadway, 26th Floor
New York, NY 10006-2802
(212) 344-4700

Attorneys for Plaintiff
UNION INSURANCE COMPANY LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNION INSURANCE COMPANY LTD.

                Plaintiff,

  -against-

AMERICAN BUREAU OF SHIPPING,

                Defendant.
-----------------------------------------------------------X

JUDGE SAND



07 CV 3322

Case No.:

**COMPLAINT**

RECEIVED
APR 25 2007
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff UNION INSURANCE COMPANY LTD. ("UNION"), by and through their attorneys DeOrchis, Wiener & Partners, LLP, allege upon information and belief as follows for their Complaint against Defendant American Bureau of Shipping.

### Jurisdiction and Parties

    1.    This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h). The Honorable Court has subject matter jurisdiction under Article III, Section 2, of the United States Constitution and 28 U.S.C. § 1333.

    2.    At all times material hereto, UNION INSURANCE COMPANY, LTD. ("UNION"), was and is a publicly traded insurance company existing under the laws of Taiwan, R.O.C. and having its principal place of business in Taipei, Taiwan, R.O.C.

3. At all times material hereto, AMERICAN BUREAU OF SHIPPING ("ABS") was and is a not-for-profit corporation organized and existing by special act of the New York State legislature with offices and principal places of business at ABS Plaza, 16855 Northchase Drive, Houston, Texas 77060, 45 Eisenhower Drive, 1st Floor, Paramus, New Jersey 07652 and 45 Broadway, New York, New York 10006-3739.

4. At all times material hereto, ABS was and is engaged in the business of determining the fitness of vessels for their intended purposes through a procedure called classification. More specifically, ABS surveyors inspect particular vessels as to their design, construction, and "operational maintenance" in light of standards established by ABS. Vessels in compliance with ABS standards are issued documents certifying their classification, and the vessels are listed in an "ABS Record" of vessels in the ABS classification "society."

5. On or about October 9, 2001, ABS completed a dry dock survey of the vessel *Cape Africa,* a 1991 Cape size bulk carrier of 149,533 DWT, to verify compliance with the relevant international conventions and applicable rules.

6. ABS issued a class certification for the *Cape Africa* on January 21, 2002.

7. UNION reasonably relied upon ABS' class certification, as well as ABS' future inspection timetable, when it made the determination to insure the *Cape Africa* under the Institute Time Clauses Hull policy effective during all material times hereto.

8. Although ABS imposed a March 31, 2004 deadline for completing the next dry dock survey, one of its inspectors performed a cursory inspection of the vessel on April 6, 2004 and extended the time for the dry dock survey until June 30, 2004.

9. On April 10, 2004, the vessel departed Ponta Da Madeira, Brazil bound for Kashima, Japan with a full load of iron ore.

10. As the vessel neared the Cape of Good Hope, it encountered typically rough weather.

11. Although the weather conditions should not have been a threat to a staunch vessel, on or about April 26, 2004, the weather and sea nevertheless caused a hole in the port side shell plating of hold number 3 below the water line.

12. The vessel immediately diverted to Cape Town, South Africa.

13. On or about April 28, 2004, the crew abandoned ship.

14. The vessel owner entered into a Lloyds Open Form Salvage Agreement with a salvor, Smit Amadla ("Smit").

15. Smit removed the cargo, effected temporary repairs to the shell plating and towed the vessel to False Bay for survey.

16. Upon inspection of the vessel, it was determined that the entire shell plating, measuring 24m long by 8m high, on the port side of hold number 3 had become detached.

17. After referral to mediation, the salvage claim was settled for $15,295,644.24.

## COUNT I
## NEGLIGENCE

18. UNION repeats and re-alleges each and every allegation set forth in paragraphs 1 through 17 and incorporates them herein by reference.

19. ABS owed a duty of reasonable care to UNION in performing inspections of the vessel and issuing class certifications.

20. ABS breached its duty to exercise reasonable care by, *inter alia*: (a) failing to maintain appropriate class society rules for bulk carriers; (b) performing negligent inspections of the vessel; (c) postponing the dry dock survey without a thorough inspection of the vessel and its maintenance records; (d) extending the dry dock survey in violation of class society rules; and (e) issuing improper certifications relating to the condition of the vessel.

21. ABS' breach of its duty to exercise reasonable care resulted in damages to UNION in the amount of $15,295,644.24, as near as can now reasonably be estimated., because of UNION's reasonsable reliance upon ABS' inspection and report.

22. As a result of the breach, UNION is entitled to recover damages from ABS.

WHEREFORE, Plaintiff, UNION INSURANCE COMPANY LTD., demands judgment against Defendant, AMERICAN BUREAU OF SHIPPING for the amount of Plaintiff's damages, together with in interest, costs, reasonable attorneys' fees, as well as such other and further relief that this Court may deem just and proper.

Dated: New York, New York
April 25, 2007

DeOrchis, Wiener & Partners, LLP
Attorney for Plaintiff
UNION INSURANCE COMPANY LTD.

By: _____
William E. Lakis (WL-9355)
61 Broadway, 26th Floor
New York, New York 10004-1480
(212) 344-4700
Our File: 8103-3